UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SELECTION MANAGEMENT SYSTEMS, INC. d/b/a SELECTION.COM,**<br><br>Plaintiff,<br><br>v.<br><br>**TORUS SPECIALTY INSURANCE COMPANY,**<br><br>Defendant. | Case No. 4:15-cv-05445-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Defendant Torus Specialty Insurance Company requests dismissal pursuant to the first-to-file rule or, alternatively, transfer of this action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).  (Dkt. No. 13 ("Mot.").)  Plaintiff Selection Management Systems, Inc. opposes the motion.  (Dkt. No. 17 ("Oppo.").)

Having carefully considered the papers submitted,[1] the record in this case, and the arguments of counsel, and good cause shown, the Court **GRANTS** defendant's motion to dismiss pursuant to the first-to-file rule.[2]

---

[1] Plaintiff filed a request for judicial notice of public filings in *Torus Specialty Insurance Company v. Selection Management Systems, Inc. d/b/a SELECTiON.com*, Case No.1:15-cv-00755-TSB, in the Southern District of Ohio.  (Dkt. No. 20.)  The Court **GRANTS** the request pursuant to Federal Rule of Evidence 201, which allows a court to take judicial notice of "matters of public record," but not facts that may be subject to a reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

[2] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.   RELEVANT BACKGROUND

The instant action is an insurance coverage dispute.  Plaintiff insured is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  (Dkt. No. 1. ("Compl.") ¶ 10.) Defendant insurer is a Delaware corporation with its principal place of business in Jersey City, New Jersey.  (*Id.* ¶ 11.)  According to the complaint, plaintiff purchased two insurance policies from defendant.  (*Id.* ¶ 15.)  The first policy was effective from June 13, 2013 to June 13, 2014, the second from June 13, 2014 to June 13, 2015.  (*Id.* ¶ 15.)  Both purportedly have $1 million maximum liability limits.  (*Id.* ¶ 17.)

On February 15, 2015, plaintiff reached a settlement in a putative class action that was filed in the Superior Court of California.  (*Id.* ¶ 25.)  Defendant paid out the settlement under the first policy.  (Dkt. No. 17-1 ("Tittmann Decl.") ¶ 5.)  Subsequently, two additional putative class action lawsuits were filed against plaintiff.  (*Id.* ¶¶ 2-3.)  These two underlying actions are pending in the Northern District of California and the Southern District of Ohio.  (*Id.* ¶¶ 2-3.)  The parties disputed whether insurance coverage for the new suits should fall under the first policy—with a nearly exhausted coverage limitation—or the previously unused second policy.  (*Id.* ¶¶ 5-6.)  The parties failed to reach an agreement regarding the same.  (*Id.* ¶ 7.)

On November 25, 2015, defendant filed suit in the Southern District of Ohio against plaintiff seeking a declaratory judgment that the new suits are only covered by the first policy. (*Id.* ¶ 8.)  Plaintiff filed this case about eight hours later, asserting defendant breached their agreement by failing to provide coverage for the new suits under the second policy.  (*Id.* ¶¶ 7-8.)

## II.   LEGAL STANDARD

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule.  *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary . . . .").  The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action.  *Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).  The

2

United States District Court
Northern District of California

1  rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative

2  litigation and to prevent the possibility of conflicting judgments.  *Church of Scientology of Cal. v.*

3  *U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir.1979) (citations omitted).  As such, the rule

4  "should not be disregarded lightly."  *See Microchip Tech., Inc. v. United Module Corp.*, No. 10-

5  CV-04241, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011).  Courts analyze three factors in

6  determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of

7  the parties; and (3) similarity of the issues.  *Schwartz v. Frito-Lay N. Am.*, No. 12-CV-02740, 2012

8  WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

9  A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity

10  or where the Section 1404(a) balance of convenience factors weigh in favor of the later-filed

11  action.  *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v.*

12  *Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).  Exceptions to the first-to-file rule include

13  where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping.

14  *Alltrade*, 946 F.2d at 628.  The Ninth Circuit has cautioned that relaxing the first-to-file rule on the

15  basis of convenience is a determination best left to the court in the first-filed action.  *Ward*, 158

16  F.R.D. at 648 (citing *Alltrade*, 946 F.2d at 628).

17  **III.    DISCUSSION**

18  **A.    First-to-File Factors**

19  Plaintiff apparently does not dispute that each of the three factors are satisfied.  Instead,

20  plaintiff argues—as discussed below—that an exception applies.  Nevertheless, the Court briefly

21  addresses each factor in turn.

22  **i.    The Chronology of the Actions**

23  The first factor simply requires that the case in question was filed later in time.  *See*

24  *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013).  The

25  instant action was filed about eight hours after defendant's case was filed in Ohio.  Therefore, this

26  factor is satisfied.

27  **ii.    Similarity of the Parties**

28  The second factor considered is whether the parties in each case are "substantially similar."

3

*See Wallerstein*, 967 F. Supp. 2d at 1295 (citing *Adoma,* 711 F. Supp. 2d at 1147).  The Ohio suit involves the same plaintiff and defendant, but with their roles reversed.  Thus, this factor is also satisfied.

### iii.    Similarity of the Issues

As to the final factor, courts have held that the issues involved in the two actions need not be identical, but merely "substantially similar."  *Inherent.com*, 420 F. Supp. 2d at 1097.  Plaintiff does not contest the similarity of the issues presented in the two actions and the Court, upon its independent review of the two complaints, finds that the issues are in fact "substantially similar."

### B.    Exceptions to the First-to-File Rule

As noted above, the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied."  *Pacesetter*, 678 F.2d at 95.  "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'"  *Alltrade*, 946 F.2d at 628 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952)); *see also Pacesetter*, 678 F.2d at 95.  Plaintiff raises two exceptions to the first-to-file rule in its opposition brief: (1) that a negligible period of time transpired between the first and second action being filed; and (2) that defendant's first-filed case was anticipatory.  The Court addresses each in turn.

### i.    Negligible Lapse of Time

When two lawsuits are filed in quick succession, courts may choose to disregard the first-to-file rule and consider whether transfer is appropriate under Section 1404(a).  *See Intuitive Surgical, Inc. v. California Inst. of Tech.*, Case No. 07-CV-0063-CW, 2007 WL 1150787, at *2-3 (N.D. Cal. April 18, 2007).  When faced with suits filed only hours apart, courts sometimes choose to apply the rule and sometimes cast it aside.  *Compare Intuitive Surgical*, 2007 WL 1150787, at *2 (applying the first-to-file rule where a suit was filed only a few hours after another), *Am. Newland Cmtys. L.P. v. Axis Specialty Ins. Co.,* Case No. 11-CV-1217, 2011 WL 5359335, at *3-4 (S.D. Cal. Nov. 7, 2011) (applying the rule where a suit was filed one business day after another), *and Z-Line Designs, Inc. v. Bell'O Intern., Inc.*, 218 F.R.D. 663, 667 (N.D. Cal. 2003) (applying the rule when a second action was filed two days after the first), *with Topics*

United States District Court
Northern District of California

1    *Entertainment, Inc., v. Rosetta Stone Ltd.*, Case No. 09-CV-1408-RSL, 2010 WL 55900, at *4

2    (W.D. Wash. Jan. 4, 2010) (declining to apply the rule where the actions were filed a few hours

3    apart), *and Aurora Corp. of Am. v. Fellowes, Inc.*, No. CV07-8306-GHK, 2008 WL 709198, at *1

4    (C.D. Cal. Feb. 27, 2008) (declining to apply the rule in the case of "nearly simultaneous

5    actions").   However, plaintiff has put forth no authority calling for the rule to be ignored based

6    solely on the close proximity of filings where, as here, the plaintiff in the second-filed suit rushed

7    to the courthouse after receiving notice of the first-filed action.[3]   In this case, plaintiff filed its

8    complaint in this Court about eight hours after defendant filed its suit in Ohio (and about seven

9    hours after defendant notified plaintiff of that suit).   (Tittmann Decl. ¶¶ 7-8.)   Under these

10   circumstances, the Court declines to disregard the first-to-file rule.

11          **ii.      Anticipatory Action**

12          As noted above, courts may decline to adopt the first-to-file rule where there is evidence

13   that the first-filed action was anticipatory.   A suit is anticipatory where a plaintiff files it upon

14   receipt of specific, concrete indications that a suit by defendant is imminent.   *See Youngevity Int'l,*

15   *Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014).   Such suits are

16   disfavored because they suggest forum shopping.   *See Alaris Med. Sys. v. Filtertek, Inc.*, Case No.

17   00-CV-2404, 2001 WL 34053241, at *2 (S.D. Cal. Dec. 20, 2001).   Mere receipt of a letter from

18   an opposing party suggesting the possibility of legal action at some undefined point in time if

19   settlement is not reached does not constitute a "'specific, imminent threat of legal action.'"   *See*

20   *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal.

21   2008.   Likewise, a notice that merely leads to a "reasonable apprehension that a controversy

22   exist[s] . . . is not equivalent to an imminent threat of litigation."   *Intersearch*, 544 F. Supp. 2d at

23   960 (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir. 2005)).   Courts have

24   found that a suit is anticipatory under limited circumstances.   *See Palantir Technologies, Inc. v.*

25   *Palantir.net, Inc.*, Case No. 07-CV-03863, 2007 WL 2900499, at *1 (finding that a suit was

26

27          [3] While such notice was provided in the *Topics* case, that decision was reached under the
28   anticipatory suit exception.   *See Topics Entertainment, Inc.,* 2010 WL 55900, at *4.

anticipatory when "defendant provided plaintiff with a draft complaint and threatened to file an infringement action by a specific date"); *Inherent.com*, 420 F. Supp. 2d at 1096 (finding that the first-filed action was anticipatory where plaintiff filed a declaratory judgment action five days after receiving a letter from defendant which alleged plaintiff had breached the parties' contract and warned that a suit would be filed unless a settlement was reached within five business days).

In the case at hand, plaintiff apparently did not provide defendant with a "specific, concrete indication" that the filing of a suit was imminent, but instead merely indicated that a suit was possible if settlement was not reached.  (Tittmann Decl. ¶ 6 (describing a letter from plaintiff to defendant as indicating that defendant's failure to "revise its position" on coverage would force plaintiff to "pursue all legal remedies, including suit").)  Thereafter, defendant filed suit in Ohio, and after receiving notice of the same, plaintiff rushed to file suit here later that same day.  Under these circumstances, the Court declines to apply the anticipatory suit exception to the first-to-file rule.

## C.    Future Developments

Finally, plaintiff asks the Court to deny or defer ruling on the motion pending possible future developments in the case relating to an anticipated assignment of coverage to plaintiffs in one of the pending underlying actions.  Plaintiff does not provide any specific timeline for the speculative assignment to occur, other than referencing a January 7, 2016 settlement conference which occurred weeks ago with no update.  Thus, the Court declines to defer ruling indefinitely on this basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss pursuant to the first-to-file rule.  The Ohio court has been presented with a fully briefed transfer motion.  As the Ninth Circuit counsels, the Court defers to that court to weigh the convenience factors and determine in the first instance whether transfer to this District is warranted.  *See Intuitive Surgical,* 2007 WL 1150787, at *2-3 (citing *Alltrade, Inc.*, 946 F.2d at *3) (noting a court should defer to the first-filed court's decision on the most convenient forum).  Given that the Ohio court may either keep its case or transfer it here, no need exists to maintain this particular action in the

United States District Court
Northern District of California

meantime.

This Order terminates Docket Number 13.

**IT IS SO ORDERED.**

Dated: January 26, 2016

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE